Jan L. WILDE, Plaintiff and Respondent,

v.

Robin J. WILDE, aka Robin Jewkes, Defendant and Appellant.

No. 18562.

Supreme Court of Utah.

Aug. 19, 1983.

Phil L. Hansen, Salt Lake City, for defendant and appellant.

Michael J. Van Wagenen, Price, for plaintiff and respondent.

der Utah's Rule 73(a) the period of time is one month with the right to request an additional one month.

PER CURIAM:

This is an appeal from the denial of a motion to vacate a default judgment, which motion was filed pursuant to Rule 60(b), Utah Rules of Civil Procedure, and based on excusable neglect. This suit is an independent action based on a divorce decree, requiring the plaintiff to pay support money for a child to be born to the parties, until the defendant took a blood test to determine if the plaintiff was the biological father obligated for such support. The defendant refused to take the test until ordered to do so on petition to show cause, requiring her to complete the test by a date certain. She finally submitted to the test when the child was about 4 years old. The test excluded the plaintiff here as a biological father, which was the basis for this suit. Judgment was entered in plaintiff's favor for restitution of payments made under an unjust enrichment, quantum meruit theory.

The motion to vacate was filed on June 11, 1982, 15 days after judgment. It was supported only by the affidavit of defendant's counsel. The affidavit was to the effect that defendant had approached him 12 days after service of summons on her; that on April 27, 1982, she saw counsel again "for the purpose of obtaining answers" to the complaint;[1] that two days later, and after the deadline for answering, his secretary called plaintiff's secretary to request extra time to file an answer, but was advised that judgment had been entered the day before. Defendant urges that the judgment should be vacated on the basis of mistake, inadvertence and excusable neglect.

The plaintiff filed an objection to the motion, contending that no facts were shown to support a Rule 60(b) motion on grounds of excusable neglect. On June 23, 1982, after prior arguments made by counsel, the court entered the order appealed from, denying the motion to vacate.

In defendant's brief on appeal, it is stated that her counsel had taken ill after their April 27th meeting. This statement was not apparent either in the motion to vacate or anywhere else in the record. Other facts are also related in the brief concerning convenient time of meeting with counsel, distance of travel in keeping appointments, etc. None of this is before the Court except by gratuitous inclusion by defendant for the first time on appeal.

No one disagrees with the cases cited by defendant reflecting liberality in relieving one from a default, but we disagree with her conclusion that the trial judge abused his discretion in denying her motion. The defendant's dilatory action in protracting the test as to paternity for four years, and in her failure timely to answer the complaint here, plus her request to be relieved from a judgment for money paid to her by one not legally bound to do so, belie any claim of abuse of discretion by the trial court. *Airkem Intermountain, Inc. v. Parker*,[2] pertinently supports affirmance in this case with the following language:

> For this court to overturn the discretion of the lower court in refusing to vacate a valid judgment, the requirements of public policy demand more than a mere statement that a person did not have his day in court when full opportunity for a fair hearing was afforded to him or his legal representative. The movant must show that he has used *due diligence* and that he was prevented from appearing by circumstances over which he had no control. [Citation omitted, emphasis in original.]

The trial court's default judgment and the denial of defendant's motion to vacate it are affirmed.

---

1. None was filed then or offered since.

2. 30 Utah 2d 65, 513 P.2d 429 (1973).